UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ZHENWEI LU,<br><br>                    Petitioner,<br><br>v.<br><br>PATRICK DIVVER; KRISTI NOEM; DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI; EXECUTIVE OFFICE OF IMMIGRATION REVIEW: and WARDEN OF OTAY MESA DETENTION CENTER,<br><br>                    Respondents. | Case No.: 26-cv-781-JES-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

Before the Court is Petitioner Zhenwei Lu's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a native of China who has been detained at the Otay Mesa Detention Center since February 4, 2025. *Id.* Petitioner alleges that he should not be considered mandatorily detained under 8 U.S.C. § 1225, and rather should be detained under § 1226 instead. *Id.*

Pursuant to the Court's OSC order, Respondents filed a response. ECF No. 3. In the response, Respondents acknowledged that Petitioner must be considered detained under 8 U.S.C. § 1226(a), pursuant to the final judgment entered in *Maldonado Bautista v.*

1

*Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025).

The Court notes that while Respondents state that Petitioner is part of the Bond Eligible class in *Maldonado Bautista*, at least one court has disagreed. *See Xie v. LaRose*, No. 3:25-CV-03649-RBM-MSB, 2026 WL 92066, at *1-2 (S.D. Cal. Jan. 13, 2026) (finding that petitioner who had previously been apprehended upon arrival and released on parole was not part of the class). Regardless, however, the Court does agree with Respondents that Petitioner's re-detention is governed by 8 U.S.C. § 1226 rather than § 1225, irrespective of and independently from *Maldonado Bautista*. The Court has previously held that where a petitioner is apprehended at the border, paroled into the country, and had been residing in the country when he was re-detained, his detention is governed by § 1226. *See, e.g.*, *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *4-5 (S.D. Cal. Oct. 30, 2025) (explaining reasoning and citing cases); *Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same); *Garcia v. Noem et al.*, No. 25CV3759-LL-BLM, 2026 WL 194745, at *2 (S.D. Cal. Jan. 26, 2026) (same).

Accordingly, the Court **GRANTS** the petition, and **ORDERS** as follows:

(1) The Court **ORDERS** Respondents to provide Petitioner with a bond determination hearing under 8 U.S.C. § 1226(a) within **ten days** of this Order. At the hearing, Respondents must provide Petitioner with a constitutionally adequate and individualized bond hearing; and

(2) Respondents are **ORDERED** to File a Notice of Compliance within **five days** of providing Petitioner with a bond redetermination hearing, including apprising the Court of the results of the hearing and providing a copy of the bond order.

//
//
//

1 | The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: February 13, 2026

*[signature]*

Honorable James E. Simmons Jr.
United States District Judge